UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARON A. MOONEY and
WILLIAM J. MOONEY,

                    Plaintiffs,

v.

                                            Case # 14-CV-6207-FPG

                                              DECISION & ORDER

G.A.C. REALTY CORP. and
LIMA CLOVER FARMS MARKET, INC.,

                    Defendants.
_____

G.A.C. REALTY CORP. and
LIMA CLOVER FARMS MARKET, INC.,

                      Third-Party Plaintiffs,

v.


UNITED STATES POSTAL SERVICE,

                    Third-Party Defendant.
_____

## INTRODUCTION

Plaintiffs Sharon and William Mooney commenced a lawsuit in state court against the owners of a shopping plaza, alleging that they were injured on their property. Dkt. # 1. The Defendants subsequently commenced a third-party action against the United States Postal Service, alleging that they were the party who caused the alleged injuries. *Id.* After removing this action to federal court, the United States Postal Service moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), arguing that this Court lacks jurisdiction to hear the case. Dkt. # 4.

BACKGROUND

The facts of this case are relatively straightforward. Plaintiffs Sharon A. and William J. Mooney commenced an action in the Supreme Court of the State of New York, County of Livingston ("Livingston County Supreme Court") on or about June 29, 2011 against Defendants G.A.C. Realty Corp. ("GAC") and Lima Clover Farms Market, Inc. ("Lima Clover"). GAC and Lima Clover subsequently filed a third-party action on January 16, 2014 in Livingston County Supreme Court, which named the United States Postal Service ("USPS") as the third-party defendant. The third-party Complaint was served upon the United States Attorney for the Western District of New York and the Attorney General of the United States on or about January 27, 2014.

The actions allege that on February 17, 2011, Plaintiff Sharon A. Mooney slipped on ice in a parking lot, and sustained injuries from her fall. The original Complaint describes the parking lot as being that of the Save-a-lot grocery store, located at 7273 W. Main Street, Lima, New York, and further alleges that the parking lot was owned by GAC. The third-party Complaint alleges that GAC leased the real property located at 7275 W. Main Street, Lima, New York to the USPS, and as part of that lease agreement, the USPS was responsible for snow removal at that property. The third-party Complaint alleges that the USPS either caused or contributed to the Plaintiff's injuries through its own negligence.

On April 28, 2014, the United States of America removed the Livingston County Supreme Court action to this Court. The Clerk of this Court opened this removed case on May 1, 2014, and that same day, the United States moved to (1) substitute the United States of America as the proper defendant in place of the United States Postal Service and (2) dismiss this action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Specifically, the United States advances two independent basis for dismissal. First, the government argues that because the USPS contracted with an independent contractor to perform snow removal at their Lima facility, the acts were not taken by a federal employee, and Congress' waiver of sovereign immunity under the Federal Torts Claims Act ("FTCA") only applies to government employees, and not to independent contractors. In addition, the government argues that the Livingston County Supreme Court lacked jurisdiction over the USPS because actions against a federal agency can only be brought in United States District Court. Because the state court never had jurisdiction over the USPS, the government argues that under the derivative jurisdiction doctrine, this Court only acquires through removal such jurisdiction that the original court possessed – which they argue, in this case, was none.

On June 9, 2014, approximately a month after the Motion to Dismiss was filed, I granted the parties request to stay briefing on the Motion to Dismiss, so that they could engage in limited discovery directed exclusively to the snowplow contractor that serviced the parking lot at issue and who is not a party to this action, focusing on whether employees of the USPS supervised or controlled the contractor's actions. Dkt. # 7. After completing that limited discovery, GAC filed their opposition to the present motion, and the government filed their Reply in support. Dkt. ## 12, 13.

For the following reasons, the government's motion to substitute the United States for defendant USPS is GRANTED, the parties' stipulation to dismiss Lima Clover from this action is APPROVED, the government's Motion to Dismiss the United States from this action is GRANTED, and this action is remanded to the Livingston County Supreme Court.

## DISCUSSION

1. <u>Legal Standard</u>

Federal district courts are courts of limited jurisdiction; their judicial power extends only so far as authorized by the Constitution and the laws of Congress. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). Furthermore, the party asserting jurisdiction bears the burden of proving that the case is properly before the court. *In re Joint Eastern & Southern Dist. Asbestos Litig.,* 14 F.3d 726, 730 (2d Cir. 1993). In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, courts may rely on "evidence outside the pleadings." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).

2. <u>The Proper Parties to the Action</u>

Although the third-party Complaint was brought against the USPS, the government has moved to have the United States of America substituted for the USPS as the proper defendant pursuant to 28 U.S.C. § 2679(d)(2). GAC does not oppose the application, and because the United States is indeed the proper party to the suit when claims are made against a federal agency, the application to substitute the United States in place of the USPS is GRANTED.

3. <u>The Derivative-Jurisdiction Doctrine</u>

The derivative-jurisdiction doctrine refers to the legal principle that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated. As explained by the Supreme Court in *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.,* 258 U.S. 377, 382 (1922), "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."

Under this doctrine, "A district court must dismiss a complaint if the state court from which the case was removed lacked jurisdiction." *Nordlicht v. N.Y. Tel. Co.*, 799 F.2d 859, 863 (2d Cir. 1986). "This result obtains even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts." *Id.*, see also *Lambert Run Coal Co.*, 258 U.S. at 382.

It is well settled that the United States is subject to suit under the FTCA, as specified by 28 U.S.C. §§ 1346(b) and 2671-2680. *See, e.g., Mundo Developers, Ltd. v. Wicklow Associates*, 585 F. Supp. 1324, 1326 (S.D.N.Y. 1984). Under the FTCA, federal district courts have exclusive jurisdiction of civil actions brought for claims against the United States for money damages. *Id.*; 28 U.S.C. § 1346(b). Accordingly, the Livingston County Supreme Court, where the Plaintiffs filed the third-party Complaint against the USPS, had no jurisdiction to hear claims against the United States. Where a state court lacks jurisdiction over an action – as in this case – a federal court acquires none upon removal. *See Moreland v. Van Buren GMC*, 93 F. Supp. 2d 346, 353 (E.D.N.Y. 1999) (internal citations omitted); *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) ("It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court's jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction.").

Although GAC has cited a handful of out-of-circuit cases wherein counsel claims that courts found this doctrine inapplicable[1], district courts within the Second Circuit have routinely

---

[1] GAC primarily relies on the February 1, 2013 decision in *Lopez v. Vaquera*, No. EP-12-CV-0427-DCG, 2013 WL 623567 (W.D. Tex. Feb. 1, 2013), and argues that this case best illustrates why the government's Motion to Dismiss should be denied. However, that decision – and in particular the section that is block quoted by the Plaintiff – was later overturned by the district

and unanimously held that the derivative jurisdiction doctrine remains applicable to cases removed under section 1442(a)(1), the removal statute utilized in this case. *See, e.g., Shnetman v. 200 White Plains Road, LLC,* No. 06 Civ. 3819(LMM), 2006 WL 3016312, at *1 (S.D.N.Y. Oct. 20, 2006); *Barnaby v. Quintos,* 410 F. Supp. 2d 142, 143–47 (S.D.N.Y. 2005); *Singleton v. Elrac,* Inc., No. 03 Civ. 4979(JFK), 2004 WL 2609554, at *1 (S.D.N.Y. Nov.16, 2004); *Gionfriddo v. Salaf,* 343 F. Supp. 2d 109, 111 (D.Conn. 2004); *Giuffre v. City of New York,* No. 00 Civ. 1517(MBM), 2000 WL 557324, at *1 (S.D.N.Y. May 8, 2000); *Moreland v. Van Buren GMC,* 93 F. Supp. 2d 346, 354–55 (E.D.N.Y. 1999).

Because the Livingston County Supreme Court never had jurisdiction over the USPS and/or the United States, this Court acquired no jurisdiction over them upon removal. As such, the claims against the USPS and/or the United States must be dismissed for lack of subject matter jurisdiction pursuant to the derivative jurisdiction doctrine.

4. <u>Remand to Livingston County Court</u>

GAC also argues that the Supreme Court's decision in *Osborn v. Haley,* 549 U.S. 225 (2007) precludes this Court from remanding the case back to state court. I disagree.

In *Osborn*, the Supreme Court held that in cases removed to federal court under the Westfall Act, 28 U.S.C. § 2679(d)(2), the United States Attorney's certification does exactly what the statute says it does, that is, it "conclusively establish[es] scope of office or employment *for purposes of removal.*" *Osborn,* 549 U.S. at 242. (emphasis in original). In other words, the certification that an employee was acting within the scope of his employment as a federal

---

court on a motion for reconsideration. The Plaintiff's reliance on this now-overturned decision – without bringing that fact to the Court's attention – is troubling. Needless to say, I am not persuaded by a decision that was later overturned by the authoring judge.

government employee "renders the federal court exclusively competent and categorically precludes a remand to the state court." *Osborn,* 549 U.S. at 243.

If the Plaintiffs in this case were suing an *individual* who the United States Attorney had certified was acting within the scope of his employment, I would agree that *Osborn* would preclude any subsequent remand of the case to state court. That sensible rule is designed to settle the scope of employment question once and for all during a particular piece of litigation, and it avoids the problem of a case bouncing back and forth between state and federal court, where different judges could make different determinations as to whether the employee was, or was not, acting within the scope of his government employment. If the employee was acting within the scope of his employment, the case could be heard by a federal district court. If the employee was acting in his individual capacity, or outside of the scope of his employment, that case would likely be heard by a state court. Since competing scope of employment determinations, removals, and remands could potentially take place without end, the Supreme Court's holding in *Osborn* prevents that situation from occurring if the United States Attorney makes the necessary certification that the individual employee being sued was acting within the scope of his employment. If that certification is made, the federal district court will be competent to hear the case, regardless of any subsequent developments in the litigation.

On the other hand, no such dilemma exists when the Defendant is not an individual employee, but rather, is a federal agency. With an individual government employee defendant, the determination of whether that person was acting within the scope of his employment or in his individual capacity is important, and that decision affects numerous aspects of such litigation. Contrast that with a lawsuit against a federal agency – not an individual – as we have in this case, where no such determination is necessary. A federal agency is exactly that – a governmental body, incapable of being or acting in a non-governmental manner.

7

The reality here is that the case was not removed under the Westfall Act, but instead was truly removed under a separate statute – which was also cited in the Notice of Removal and the United States Attorney's certification – that governs removal of cases against federal agencies, namely, 28 U.S.C. § 1442(a)(1). That statute provides that:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States *or any agency thereof* or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(Emphasis added.)

While 28 U.S.C. § 1442(a)(1) provides for removal of cases brought against federal agencies or any employee of the United States, the Westfall Act, 28 U.S.C. § 2679(d)(1) makes no reference to lawsuits brought against federal agencies. Instead, it provides that:

> (d)(1) Upon certification by the Attorney General *that the defendant employee* was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

(Emphasis added.)

Although the United States Attorney signed a certification purportedly pursuant to 28 U.S.C. § 2679(d)(1), it is of no effect in this case. The reference to § 2679(d)(1) can only be a scriveners error, since that statute clearly relates only to individual employees, and it is

8

undisputed that no individual employees of the United States have been sued in this action. The certification merely certified what is already known: that the USPS is a governmental agency. There is no dispute (nor could there be) over that fact, and a plain reading of § 2679(d)(1) reveals that it only applies to suits brought against *individual* government employee defendants, and not to suits brought against agencies, as is the case here. As such, 28 U.S.C. § 2679(d)(1) – which was the removal statute at issue in *Osborn* — is not relevant to this case, and *Osborn* does not preclude a remand in this case. The statute that this case was removed under – 28 U.S.C. § 1442(a)(1) – is outside of *Osborn's* scope, and since there is no basis for federal jurisdiction in this case, remand to the Livingston County Supreme Court is required.

## CONCLUSION

For all of the foregoing reasons, the government's motion to substitute the United States for defendant USPS is GRANTED, the parties' stipulation to dismiss Lima Clover from this action is APPROVED, the government's Motion to Dismiss the United States from this action is GRANTED, and this action is remanded to the Livingston County Supreme Court. The Clerk of the Court is directed to close this case, and to transmit this Order to the Clerk of the Livingston County Supreme Court.

IT IS SO ORDERED.

DATED:   March 5, 2015
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge